UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

XEROX CORPORATION,

                           Plaintiff,

                           **No. 6:18-cv-06154-MAT**
          -vs-                **DECISION AND ORDER**

JCTB INCORPORATED, SHIRLEY BUI, and
JIMMY CAUDILLO a/k/a JAIME CAUDILLO,

                           Defendants.
_____

**I.    Introduction**

This is an action for breach of contract brought by Xerox Corporation ("Xerox" or "Plaintiff") against JCTB Incorporated ("JCTB"), Shirley Bui ("Bui"), and Jimmy Caudillo, a/k/a Jaime Caudillo ("Caudillo") (collectively, "Defendants"). Presently before the Court are Defendants' First Motion to Stay Enforcement of the Judgment ("Stay Motion") (Docket No. 28) and Plaintiff's Motion for an Order Authorizing Registration of the Judgment ("Register Judgment Motion") (Docket No. 27). For the reasons discussed below, the Stay Motion is denied and the Register Judgment Motion is granted.

**II.    Procedural Status**

In the Complaint, Plaintiff asserted four counts: (1) breach of an equipment finance lease agreement; (2) breach of a promissory note; (3) breach of a guaranty agreement; and (4) a declaration entitling it to retake possession of the leased equipment. On November 2, 2018, the Court granted Plaintiff's pre-discovery

Motion for Summary Judgment and to Dismiss Counterclaims (Docket No. 17), and dismissed Defendants' counterclaims with prejudice. Plaintiff was granted judgment as a matter of law on Counts I through III of the Complaint, entitling it to a total compensatory damages award of $806,019.26 on those counts. The Court further awarded declaratory judgment to Plaintiff on Count IV, entitling it to immediately retake possession of the Leased Equipment as identified more particularly in the Complaint.

Also on November 2, 2018, the Court entered the Judgment, which stated, "Plaintiff is granted summary judgment on Counts I through III of the Complaint and is entitled to a total compensatory damages award of $806,019.26 on those counts." (Docket No. 24).

Defendants then filed a Notice of Appeal on November 28, 2018 (Docket No. 25). Their brief was filed in the United States Court of Appeals for the Second Circuit on March 13, 2019.

Xerox now has filed a Motion for an Order Authorizing Registration of Judgment in the Central District of California pursuant to 28 U.S.C. § 1963 (Docket No. 28). Xerox asserts that Defendants have neither obtained a supersedeas bond nor paid any portion of the damages, and an asset search reveals that all of Defendants' assets are located in California. Accordingly, Xerox argues, good cause exists for Xerox to immediately register the Judgment in the Central District of California.

Defendants did not oppose Plaintiff's request to authorize registration of the judgment in the Central District of California. Instead, they filed a Motion to Stay Enforcement of the Judgment's award of money damages pending the conclusion of their appeal. Plaintiff has opposed Defendants' motion to stay.

**III. Discussion**

    **A.    Plaintiff's Motion to Register the Judgment**

Title 28 U.S.C., Section 1963 permits a judgment of a district court to be registered in any other federal district "when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963). "A district court has jurisdiction to consider a motion to certify pursuant to Section 1963, irrespective of a pending appeal." Coudert v. Hokin, No. 12 CIV. 110 (ALC), 2018 WL 4278332, at *2 (S.D.N.Y. July 30, 2018) (citing Woodward & Dickerson v. Kahn, No. 89-CV-6733 (PKL), 1993 WL 106129, at *1 (S.D.N.Y. Apr. 2, 1993)).

"Good cause" is demonstrated upon "a mere showing that the [party against whom the judgment has been entered] has substantial property in the other [foreign] district and *insufficient [property] in the rendering district to satisfy the judgment*." Jack Frost Laboratories, Inc. v. Physicians & Nurses Manufacturing Corp., 951 F. Supp. 51, 52 (S.D.N.Y. 1997) (quoting Woodward & Dickerson, 1993 WL 106129, at *1 (emphasis and brackets in

original; further quotation and citations omitted)); accord Owen v. Soundview Fin. Grp., Inc., 71 F. Supp.2d 278, 278-79 (S.D.N.Y. 1999). "Exact evidence of the debtor's assets is not necessary[.]" Coudert, 2018 WL 4278332, at *2 (citing Ambac Assur. Corp. v. Adelanto Pub. Util. Auth., No. 09-CV-5087(JFK), 2014 WL 2893306, at *4 (S.D.N.Y. June 26, 2014)). Indeed, "good cause" can be shown in the absence of an asset search. See Coudert, 2018 WL 4278332, at *3 ("[W]hile an asset search might be a common and expeditious way of sufficiently demonstrating the existence of such assets, no case that Plaintiff cites–and the Court is aware of none–suggests that an asset search is, in fact, necessary. . . . [M]ere property records, or a showing . . . that Defendant is gainfully employed in another district, may suffice.") (citing Owen, 71 F. Supp.2d at 279 (unrebutted property records and sworn testimony sufficient to show cause for purposes of Section 1963)). Moreover, "[i]n the absence of contrary evidence, the affidavit in support of the judgment creditor's motion should be presumed to be true." Owen, 71 F. Supp.2d at 279 (citing AT&T Corp. v. Pub. Ser. Enterp. of Pa., Inc., No. 98CIV6133LAP, 1999 WL 672543, at *6 (S.D.N.Y. Aug. 26, 1999) (in the absence of any objections or contrary evidence by debtor, accepting as true the sworn affidavit of the creditor's attorney and granting motion pursuant to Section 1963).

Plaintiff has submitted an affidavit from Janet Atkinson ("Atkinson Aff.") (Docket No. 27-1), an employee in its Recovery

-4-

Department. As exhibits to her affidavit, Atkinson has attached excerpts from asset search reports conducted in regards to Defendants. See Docket No. 27-1, Exhibits ("Exs.") A & B. These reports reveal that none of the Defendants has any assets in New York. See Atkinson Aff. ¶¶ 4-9, Exs. A and B. Rather, all or substantially all of Defendants' assets are located in and around Murrieta and Winchester, Riverside County, California, where the Defendants reside. See id. ¶¶ 4-9, Exs. A and B (listing addresses in Winchester, CA for the individual defendants and an address in Murrieta, CA for the corporate defendant). Standing alone, these asset search reports are sufficient to establish good cause under Section 1963 to permit Plaintiff to register the Judgment in the Central District of California, where Riverside County is located. See Coudert, 2018 WL 4278332, at *3.

**B.  Defendants' Motion to Stay**

Defendants assert that they meet the criteria in the four-part test governing motions to stay injunctive or equitable relief pending an appeal, which considers the likelihood of success on appeal, injury to the movant, injury to the non-moving party, and the public interest. Defendants' Memorandum of Law ("Defs.' Mem.") (Docket No. 28-1) at 2-3 (citing Nken v. Holder, 556 U.S. 418, 533 (2009)). Plaintiff argues that this standard does not apply where, as here, Defendants seek to delay enforcement of a money damages award. Plaintiff's Response ("Pl.'s Resp.") at 6 (citing John Wiley

& Sons, Inc. v. Book Dog Books, LLC, 327 F. Supp.3d 606, 649 (S.D.N.Y. 2018) ("This Court agrees with those courts holding the traditional four factors 'appl[y] only when the judgment sought to be stayed is for injunctive or equitable relief.'") (quoting Moore v. Navillus Tile, Inc., No. 14 CIV. 8326, 2017 WL 4326537, at *4 (S.D.N.Y. Sept. 28, 2017) (stating that the traditional four-factor test "applies only when the judgment sought to be stayed is for injunctive or other equitable relief—i. e., when the judgment does not fall within the parameters of Rule 62(d), but instead implicates Rule 62(c)"); citing Butler v. Ross, No. 16CV1282 (DLC), 2017 WL 6210843, at *2 (S.D.N.Y. Dec. 7, 2017) (stating that "it is [former] Rule 62(d) and its accompanying test that are applicable here")). The Court agrees with Plaintiff that the four-factor test applicable to stays of judgments ordering injunctive or equitable relief is not applicable here.

The Court now turns to the question of the proper test to be employed. Although Defendants do not cite Fed. R. Civ. P. 62, it is subsection (b) of this rule which provides the statutory authority for obtaining a stay of a judgment. When Rule 62 was amended in 2018, "[s]ubdivisions (a), (b), (c), and (d) of former Rule 62 [were] reorganized and the provisions for staying a judgment [were] revised." Fed. R. Civ. P. 62 advisory committee's notes to 218 amendment. In particular, "Subdivision 62(b) carries forward in modified form the supersedeas bond provisions of former Rule

62(d)." Id. New Rule 62(b)'s "text makes explicit the opportunity to post security in a form other than a bond." Id. Fed. R. Civ. P. 62(b) now provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b), amended 2018.

Discussing Rule 62(b)'s predecessor, former Rule 62(d), the Second Circuit explained that the

> purpose of the rule is to ensure that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed. A district court therefore may, in its discretion, waive the bond requirement *if the appellant provides an acceptable alternative means of securing the judgment*.

In re Nassau County Strip Search Cases, 783 F.3d 414, 417 (2d Cir. 2015) (per curiam) (citation omitted; emphasis added). A court may consider the following non-exclusive factors in determining whether to waive the bond or other security requirement under Rule 62(b): (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant

is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. Id. at 417–18 (citation omitted).

After considering the Nassau County factors, the Court is compelled to conclude that Defendants are not entitled to a stay without a supersedeas bond under new Rule 62(b), former Rule 62(d). "Those factors contemplate waiving the requirement of a supersedeas bond because a court is satisfied that the debtor *would* be able to pay the judgment with ease." Butler v. Ross, 2017 WL 6210843, at *3 (emphasis supplied). Here, Defendants have not demonstrated that they have the appropriate funds available for the purposes of paying the Judgment without delay or difficulty. To the contrary, Defendants rely on their *inability* to pay the Judgment as the basis for a stay. Courts in this Circuit have held that judgment-debtors' assertions of impecuniousness weigh heavily against granting a stay without bond. See, e.g., Frye v. Lagerstrom, No. 15 CIV. 5348 (NRB), 2018 WL 4935805, at *3 (S.D.N.Y. Oct. 10, 2018) ("Unlike in Nassau County, here the defendant avers that he is unable to pay the $33,371.98 judgment in support of his motion for a stay. The defendant's concession is determinative of the second, third, and fourth factors of the Nassau County framework, and assures the Court that a 'bond is necessary to safeguard [the plaintiff's] recovery.'") (quoting John Wiley & Sons, Inc., 2018 WL 3956508, at *27 ("In fact, a concession of inability to pay is often

'determinative' in this inquiry."); other citation omitted); Moore v. Navillus Tile, Inc., No. 14 CIV. 8326, 2017 WL 4326537, at *2 (S.D.N.Y. Sept. 28, 2017) ("ndeed, Defendant Navillus' insistence that satisfying any amount of the bond would plunge it into bankruptcy undercuts its position on those three factors.").

Finally, courts in this Circuit have concluded that "[t]he fifth Nassau County factor does not envisage waiving the bond requirement because a debtor simply cannot pay." Butler, 2017 WL 6210843, at *1. It is true that the fifth factor considers a debtor's "precarious financial situation," "it does so in the context of considering prejudice to other creditors who may have claims to the debtor's property." Id. at *3; see also Moore v. Navillus Tile, Inc., 2017 WL 4326537, at *1 ("Significantly, the bond requirement is not designed to protect the judgment debtor's ability to continue in business. . . .").[1]

To summarize, none of the factors articulated in Nassau County factors "take into account the consideration of the debtor's financial insecurity as reason alone to waive the bond." Butler, 2017 WL 6210843, at *4. The Second Circuit has recognized, however,

---

[1] In Butler, the district court noted the existence of "other, well-established mechanisms by which debtors who assert that they are in serious financial distress can avoid posting a bond[,]" 2017 WL 6210843, at *3, such as filing a petition in bankruptcy court, which "triggers an automatic stay and enjoins collections and enforcement actions by creditors." Id. (citing S.E.C. v. Brennan, 230 F.3d 65, 70 (2d Cir. 2000) ("Section 362(a) of Title 11 of the United States Code stays the commencement or continuation of virtually all proceedings against a debtor, including enforcement of judgments, that were or could have been commenced before the debtor filed for bankruptcy.")).

that the factors represent a "non-exclusive" list of circumstances a district court "may" consider in determining whether to exercise its "discretion" to waive the requirement of the bond. Nassau County, 783 F.3d at 417. Because Defendants have not suggested an "'acceptable alternative means of securing the judgment,'" id. (quoting FDIC v. Ann-High Assocs., No. 97-6095, 1997 WL 1877195, at *1 (2d Cir. Dec. 2, 1997) (per curiam); citation omitted), the Court concludes that it cannot grant the motion to stay. See, e.g., Moore v. Navillus Tile, Inc., No. 14 CIV. 8326, 2017 WL 4326537, at *6 (S.D.N.Y. Sept. 28, 2017) (denying motion to stay without bond where defendant "made no offer to post a partial bond, or even to accept financial oversight or other conditions that might ameliorate the plaintiffs' legitimate fears," district court had "no way, on this record, of fashioning an appropriate alternative form of security in this case").

**VI. Conclusion**

For the foregoing reasons, the Court denies the Stay Motion (Docket No. 28) filed by Defendants and grants the Register Judgment Motion (Docket No. 27) filed by Plaintiff.

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: November 14, 2019
Rochester, New York